PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANGEL OQUENDO, Defendant and Appellant.

No. 4919. Argued December 7, 1932.—Decided December 13, 1932.

*José E. Díaz* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Angel Oquendo was found guilty by the District Court of Arecibo of the crime of carrying a prohibited weapon. He appealed and assigned three errors that in reality are reduced to a single one, because the only point discussed is the weighing of the evidence. The evidence for the prosecution shows that the defendant ostensibly carried a revolver in the back pocket of his trousers. The evidence for the defense tends to prove that no weapon was seized from the defendant.

According to the testimony of witness Cándido Cacho, the defendant, on the evening of February 5, 1932, on Quiñones

Street at the corner of Baldorioty Street in the town of Manatí, was ostensibly and visibly carrying a "Smith" revolver. Cacho says that he saw the defendant carrying the weapon and that he seized it from him, after ascertaining that said defendant had no license to bear arms. Cacho called police headquarters and policeman Valedón was sent to the scene of the affair where the witness turned the "Smith" revolver over to him.

Valedón states that he asked the defendant if he had a license to carry the revolver and that said defendant answered in the negative, adding that he was an employee and watchman at the estate of Mr. Morán and that he had no license. This witness was asked if he had told Attorney José E. Díaz that the defendant had never admitted that the weapon belonged to him and he answered that said defendant had denied the facts in the presence of the Chief of Police at headquarters. Attorney Díaz stated that Valedón had told him that the defendant had denied that he was carrying a revolver. The testimony of this officer and his statement to Attorney Díaz are not contradictory. Valedón, when he seized the revolver, asked the defendant if he had a license and the latter answered that he had not. Whatever interpretation may be given to this answer, the officer could not say that the defendant told him that he was carrying the revolver. Later, at headquarters, Oquendo denied the facts before the Chief of Police. Officer Valedón told the truth when he said that the defendant denied that he was carrying the revolver.

The witnesses for the defense testified that they saw no revolver whatsoever on the defendant. José López said, among other things, that he was on the porch of his house and from there he saw Judge Cacho hand over a revolver to officer Valedón and that he cannot assert whether or not Cacho at any time approached the defendant; that after the arrival of the officer the defendant approached when they called him. Ramón Menéndez testified, among other things, that he saw that Cándido Cacho called officer Valedón, took a revolver

from his back pocket and handed it over to said officer, and that the defendant approached Judge Cacho when he was called. Adolfo Morales stated, among other things, that he saw the arrival of officer Valedón called by the Judge; that he did not see Oquendo approach Cacho at any time; that he knows that Cacho called Valedón but he cannot say whether or not he handed over the revolver, that the witness was quite close to the spot where Cacho and Oquendo were. The defendant testified, among other things, that he saw Cacho take a revolver from his back pocket, turn it over to officer Valedón, and then Valedón called the defendant, telling him that Judge Cacho had turned it over to him stating that he had seized it from the defendant, and that he was not at any time near Judge Cacho before the arrival of Valedón. Witnesses José Morán and Deogracias Rodríguez were not eye witnesses.

This is the evidence presented. There is nothing in the record to show passion, prejudice, or bias on the part of the lower court. The trial court is the one to weigh the evidence and we must respect its findings, unless there exist reasons that justify our intervention, according to the repeated decisions of this Court.

The defendant also maintains that, even assuming that the revolver had been seized from him on the day in question, he would not be guilty of the crime charged, because said defendant was discharging his duties as employee and watchman of the tobacco warehouse of Ramón Morán & Co.

The doctrine established in the cases of *People* v. *Bosch,* 43 P.R.R.——* and *People* v. *Rodríguez,* 43 P.R.R. ——* (decided during the first part of July, 1932,) and invoked by the defendant, is not applicable to the instant case. The proof of the defendant tended to show that he carried no weapon whatsoever. The same defendant testified that Cacho took the revolver from his own pocket and turned it over to the officer. In the cases of Bosch and Rodríguez;

---

* Note: See Preface of this volume.

the defendants admitted the carrying of the weapon and their capacity as watchmen was established by the evidence. The circumstances of those cases are not recurrent in this one. Angel Oquendo, even assuming that he were a watchman, was, according to the evidence, neither within nor without the estate in the discharge of his duties. This case deals simply with carrying a weapon on the street, and it is evident that the defendant had no right to carry the weapon that was seized from him under these conditions.

For the reasons stated the judgment appealed from must be affirmed.

The Chief Justice and Mr. Justice Aldrey concur in the judgment.